This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

   Plaintiff-Appellee,

v.                                                          **No. 30,305**

**POETRY ROYAL,**

   Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Gary L. Clingman, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Mary Barket, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

Defendant pleaded guilty to five counts of trafficking a controlled substance (cocaine) in violation of NMSA 1978, Section 30-31-20 (1990) (amended 2006). On appeal, Defendant raised three issues: (1) the district court erred in failing to dismiss Counts 1-5 on the basis that the drug evidence in support of those charges was inadmissible, (2) the district court erred in granting Defendant's motion to withdraw his plea, and (3) ineffective assistance of counsel. This Court issued a calendar notice proposing to affirm. Defendant has filed a memorandum in opposition and a motion to amend the docketing statement. Having considered Defendant's arguments, we deny Defendant's motion to amend his docketing statement and we affirm the district court.

**Motion to Amend the Docketing Statement**

Defendant has moved this Court to amend his docketing statement to add two issues: (1) Defendant's plea was not knowing and voluntary because he was not informed that he was waiving his right to appeal all issues other than jurisdictional issues, and (2) Defendant's counsel was ineffective for failing to ensure that Defendant understood he was waiving his right to appeal all issues other than jurisdictional issues.

The essential requirements to show good cause for our allowance of an amendment to an appellant's docketing statement are: (1) the motion be timely,

(2) the new issue sought to be raised was either (a) properly preserved below or (b) allowed to be raised for the first time on appeal, and (3) the issues raised are viable. *See State v. Moore*, 109 N.M. 119, 129, 782 P.2d 91, 101 (Ct. App. 1989), *overruled on other grounds by State v. Salgado*, 112 N.M. 537, 817 P.2d 730 (Ct. App. 1991).

To the extent Defendant wishes to amend his docketing statement to challenge the voluntariness of his plea because he was not advised that he was giving up his right to appeal all issues other than jurisdictional issues, we deny Defendant's motion based on lack of preservation. Defendant concedes that, although he filed a motion to withdraw his guilty plea, he did not argue that he had not been informed that he was waiving his right to appeal all issues other than jurisdictional issues. [MIO 14-15] Although Defendant argues that preservation is not required, our case law indicates otherwise. *See State v. Dominguez*, 2007-NMSC-060, ¶ 14, 142 N.M. 811, 171 P.3d 750 (requiring a defendant to preserve objections to a guilty plea by filing a motion to withdraw his or her plea).

To the extent Defendant wishes to raise an ineffective assistance of counsel claim, we conclude that Defendant has failed to demonstrate a prima facie case of ineffective assistance based on the record below. "When an ineffective assistance claim is first raised on direct appeal, we evaluate the facts that are part of the record. If facts necessary to a full determination are not part of the record, an ineffective

assistance claim is more properly brought through a habeas corpus petition, although an appellate court may remand a case for an evidentiary hearing if the defendant makes a prima facie case of ineffective assistance." *State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61. "To establish a prima facie case of ineffective assistance of counsel, [the d]efendant must show that (1) counsel's performance was deficient in that it fell below an objective standard of reasonableness; and (2) that [the d]efendant suffered prejudice in that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *State v. Aker*, 2005-NMCA-063, ¶ 34, 137 N.M. 561, 113 P.3d 384 (internal quotation marks and citation omitted).

Here, Defendant contends that his trial counsel was ineffective for not informing him that he was waiving his right to appeal certain issues. Defendant concedes, however, that the specifics of Defendant's discussion with his attorney are not of record." [MIO 21] We therefore deny Defendant's motion to amend his docketing statement to include this issue. This ruling does not preclude Defendant from raising this issue via habeas corpus proceedings. We now turn to the issues raised in Defendant's docketing statement.

**Motion to Withdraw Guilty Plea**

4

Defendant contends that the district court abused its discretion in denying Defendant's motion to withdraw his guilty plea. Specifically, Defendant contends that due to his compromised emotional state at the time he entered his plea, his plea was not knowing and voluntary. In this Court's calendar notice, we proposed to affirm on the ground that Defendant had failed to provide this Court with any authority supporting reversal based on Defendant's emotional state at the time his plea was entered. [CN 4]

In his memorandum in opposition, Defendant argues that this Court should reverse the district court's denial of his motion to withdraw his plea because the district court failed to adequately ensure that the plea was knowing and voluntary. [MIO 10-12] Specifically, Defendant contends that the district court's plea colloquy was rushed and during the colloquy Defendant was emotionally distraught and shaking his head "no." To the extent Defendant contends that his crying and shaking his head during the colloquy should have caused the district court to conduct further inquiry into whether Defendant's plea was knowing and voluntary, Defendant has not provided authority in support of his argument. To the contrary, the only authority Defendant cites dealing with this issue states that "psychological stress or emotional pressure is inherent in the decision to enter a guilty plea[] and . . . does not necessarily render the plea involuntary." [MIO 12] *Commonwealth v. Williams*, 881 N.E.2d

1148, 1154 (Mass. App. Ct. 2008). To the extent Defendant argues that the stressful and rushed circumstances surrounding his plea and his distraught demeanor clearly indicate that his plea was not knowing and voluntary [MIO 12-13], Defendant has again not provided support for this argument. *See State v. Moore*, 2004-NMCA-035, ¶ 30, 135 N.M. 210, 86 P.3d 635 (stating that the defendant's emotional breakdown after his plea was insufficient to establish that the defendant's plea was not knowing and voluntary).

Further, to the extent Defendant argues that the district court abused its discretion in denying Defendant's motion to withdraw his plea because a "fair and just reason" existed, we are unpersuaded. Defendant contends that a request to withdraw a guilty plea made prior to sentencing need only be supported by a "fair and just reason." [MIO 13-14] Our Supreme Court rejected that standard for motions to withdraw a guilty plea made prior to sentencing, stating that the manifest error standard "has been applied on appeal to all motions to withdraw a plea, whether prior to or following sentencing." *State v. Hunter*, 2006-NMSC-043, ¶ 11, 140 N.M. 406, 143 P.3d 168. To the extent Defendant asks this Court to apply a standard specifically rejected by our Supreme Court in *Hunter*, we decline to do so as we are bound by the rulings of our Supreme Court.

**Ineffective Assistance of Counsel**

In his memorandum in opposition, Defendant contends that his counsel was ineffective for (1) failing to advise him he was waiving his right to appeal all issues other than jurisdictional issues, and (2) permitting him to plead guilty under stressful and rushed circumstances and in light of Defendant's emotionally compromised state. [MIO 20-24] To the extent Defendant argues ineffective assistance of counsel regarding waiver of his right to appeal, we do not address this issue based on our denial of Defendant's motion to amend the docketing statement. With respect to Defendant's argument that his counsel was ineffective because counsel permitted Defendant to plead guilty under stressful and rushed circumstances and despite Defendant's emotionally compromised state, this Court proposed to affirm on this issue in its notice of proposed disposition. In this Court's calendar notice, we noted that Defendant had failed to provide any authority to support his argument that his counsel's conduct fell below that of a reasonably competent attorney. Defendant has not provided this Court with any authority in his memorandum in opposition to support his argument. We therefore assume no such authority exists. *In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984).

**Motion to Dismiss**

In his docketing statement, Defendant argued that the district court erred in denying his motion to dismiss Counts 1-5. In this Court's calendar notice, we noted

7

that Defendant did not preserve this issue for appeal by entering a conditional plea with the State. We therefore declined to address this issue in our notice of proposed disposition. Defendant does not challenge our resolution of this issue in his memorandum in opposition.

For the reasons stated in this opinion and in this Court's notice of proposed disposition, we affirm.

**IT IS SO ORDERED.**


_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**


_____
**RODERICK T. KENNEDY, Judge**


_____
**ROBERT E. ROBLES, Judge**